## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOSEPH J. POWELL,**

            **Plaintiff,**

**v.**                                                    **CASE NO.:**

**OFFICER DARRELL GOODROW,**
**individually;**
**OFFICER MICHAEL W. CARTER,**
**individually; and**
**CITY OF ST. PETERSBURG**,

            **Defendants.**
_____/

## COMPLAINT AND REQUEST FOR A JURY TRIAL

The Plaintiff, Joseph J. Powell, by and through his undersigned counsel, hereby sues the

Defendants, Officer Darrell Goodrow, Officer Michael W. Carter, and the City of St. Petersburg

and in support alleges:

### INTRODUCTION

1.      This is an action brought by a United States citizen, who at the time of the

incident was a resident of St. Petersburg, Florida, and who was victim of the use of excessive

force and unlawful or offensive touching and false arrest by Officer Darrell Goodrow and Officer

Michael W. Carter.

2.      Plaintiff alleges violation of his civil rights under the provisions of 42 U.S.C. §§

1983 and 1988 and the Fourth Amendment to the United States Constitution.  Plaintiff also

alleges that Officer Darrell Goodrow and Officer Michael W. Carter committed the state

common law torts of battery and false arrest. Plaintiff seeks compensatory relief, punitive

damages, and costs, including attorneys' fees.

## JURISDICTION AND VENUE

3.     This action arises under the provisions of 42 U.S.C. §§ 1983 & 1988, and Florida statutory and common law.  This Court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction of the state law claim pursuant to 28 U.S.C. § 1367.

4.     All incidents material to this action occurred in Pinellas County, Florida and Defendants were employed in Pinellas County, Florida at the time of the incident. Venue is proper in this Court pursuant to Local Rule 3.1.

5.     Plaintiff, Joseph J. Powell, timely filed the notice of claim pursuant to Florida Statute § 768.28, on September 23, 2015, regarding supplemental state tort claims against the Defendants, and has provided Defendants the required amount of time to resolve the claim. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

## PARTIES

6.     Plaintiff, Joseph J. Powell, was an adult male resident of the State of Florida at all times relevant to this Complaint.

7.     The Defendant, Officer Darrell Goodrow, was at all times relevant to this Complaint duly appointed and acting as an officer of the St. Petersburg Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the St. Petersburg Police Department. Defendant, Officer Goodrow, is sued in his individual capacity.

8.     The Defendant, Officer Michael W. Carter, was at all times relevant to this Complaint duly appointed and acting as an officer of the St. Petersburg Police Department,

acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the St. Petersburg Police Department. Defendant, Officer Carter, is sued in his individual capacity.

9.      The Defendant, CITY OF ST. PETERSBURG, is a municipality chartered through the State of Florida which, among its other functions, operates and maintains a law enforcement agency known as the St. Petersburg Police Department.  Defendant, CITY OF ST. PETERSBURG, receives federal funds.  Defendant, CITY OF ST. PETERSBURG, by and though its officials and employees is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of St. Petersburg and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.  The City of St. Petersburg does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the negligent acts, omissions, or intentional torts of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Florida Statutes, § 768.28.

10.      Each and all of the acts of the Defendants and other members of the St. Petersburg Police Department involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America and the State of Florida, under the color of law and by virtue of their authority as law enforcement officers for the St. Petersburg Police Department. At all times, Defendant was engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights, as more particularized herein.

11.      The incident which gives rise to this cause of action occurred within this jurisdiction and within the applicable statute of limitations and this Honorable Court has jurisdiction.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12.     On March 28, 2015, Mr. Powell, Taina Alam (his girlfriend), and John Alam (his girlfriend's brother) were in downtown St. Petersburg at Club SIP.

13.     Ms. Alam lost her cell phone while inside of the club, and the group could not find it after trying to locate it.

14.     The three of them went outside in a public space to see if anybody outside had seen Ms. Alam's phone.

15.     While talking to Ms. Alam outside, Mr. Powell was grabbed by a then unknown individual as Mr. Powell's back was to the individual.

16.     Mr. Powell pulled his arm back and inquired what the unidentified male, later identified to be Officer Goodrow, was doing.

17.     Officer Goodrow then took Mr. Powell to the ground. Mr. Powell was not resisting and had not committed any criminal offense.

18.     Officer Goodrow and Officer Carter started delivering knee strikes and kicks to Mr. Powell's back and neck before handcuffing Mr. Powell. Mr. Powell was not offering resistance or impeding the officers.

19.     After handcuffing Mr. Powell, Officer Goodrow stood Mr. Powell on his feet and slammed Mr. Powell into a table.

20.     As a result of the officers' actions, Mr. Powell suffered injuries including a disc bulge in his neck and back, neck and back herniation, a fractured tailbone, and cuts and abrasions on his face and scalp.

21.     Ms. Alam was also arrested and charged with obstructing or resisting an officer without violence.

22.     Mr. Alam was arrested and charged with disorderly intoxication and possession of marijuana.[1]

23.     The State Attorney's Office declined to file criminal charges against Ms. Alam.

24.     The State Attorney's Office administratively closed the disorderly charge against Mr. Alam

25.     The State Attorney's Office declined to file criminal charges against Mr. Powell.

## COUNT I – 42 U.S.C. § 1983 FALSE ARREST CLAIM
## AGAINST DEFENDANT, OFFICER GOODROW

26.     All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

27.     Plaintiff was unlawfully seized by Defendant, Officer Goodrow, through the intentional confinement of Plaintiff when Defendant placed him under arrest.

28.     The warrantless arrest of Plaintiff without arguable probable cause violated Plaintiff's Fourth Amendment rights.

29.     The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

30.     A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

31.     The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of the ability to earn money, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation. Plaintiff claims and is entitled to punitive damages for the conduct alleged.

---

[1] The marijuana was found as a result of a search subsequent to his arrest.

## COUNT II – STATE LAW FALSE ARREST/ FALSE IMPRISONMENT
## AGAINST OFFICER GOODROW

32.     All allegations of paragraphs1 through 25 are re-alleged in full and adopted herein.

33.     At all times relevant herein, Defendant, Officer Goodrow, acted with the intention of confining the Plaintiff, Joseph Powell, within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

34.     Defendant acted in bad faith and with malicious purpose as the Plaintiff, Joseph J. Powell, had committed no illegal acts.

35.     The Defendant's actions were unreasonable and unwarranted under the circumstances.

36.     As a further direct and proximate result of the acts, omissions, and conduct of the Defendant, Officer Goodrow, the Plaintiff suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of the ability to earn money. Plaintiff claims and is entitled to punitive damages for the conduct alleged.

## COUNT III – STAE LAW CLAIM FALSE ARREST/ FALSE IMPRISONMENT
## AGAINST CITY OF ST. PETERSBURG – VICARIOUS LIABILITY

37.     All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

38.     Defendant, Officer Goodrow's, actions in holding Plaintiff beyond the scope of his consent and against his will, without probable cause, without process or authority of law, constitute wrongful, unlawful false imprisonment which is actionable against Defendant, City of

St. Petersburg.

39.     The Defendant, Officer Goodrow, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

40.     The actions of Defendant, Officer Goodrow, as described in the Complaint were performed in the course and scope of employment with the St. Petersburg Police department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

41.     As a direct and proximate result of the acts of Defendant, Officer Goodrow, Plaintiff was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future.  The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

38.     Defendant, Officer Goodrow's, conduct is actionable against Defendant, City of St. Petersburg, pursuant to § 768.28, Fla. Stat. (2015).

**COUNT IV – 42 U.S.C. § 1983**
**EXCESSIVE FORCE CLAIM AGAINST DEFENDANT, OFFICER GOODROW**

39.     All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

40.     Officer Goodrow gratuitously applied excessive force when he kneed, kicked, and slammed Mr. Powell onto a table. Officer Goodrow's actions were unreasonable under the circumstances.

41.     By the actions of Officer Goodrow, Plaintiff was deprived of his right to be secure in his person against unreasonable and excessive force in violation of the Fourth Amendment of the Constitution of the United States. Plaintiff claims and is entitled to punitive damages for the conduct alleged.

## COUNT V – STATE LAW CLAIM OF BATTERY
## AGAINST DEFENDANT, OFFICER GOODROW, INDIVIDUALLY

42.     All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

43.     The actions of Officer Goodrow constitute non-consensual touch or strike battery causing personal injury to Mr. Powell in violation of Florida law.

44.     As a direct and proximate result of the conduct of Officer Goodrow, Mr. Powell suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of the ability to earn money. Plaintiff, Mr. Powell's, losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

45.     Officer Goodrow's actions of intentionally, recklessly, and offensively kneeing, kicking, and slamming Mr. Powell on a table was done with malicious intent. As such, Officer Goodrow should be held liable for damages to Mr. Powell in his individual capacity. The nature of the count supports a claim for punitive damages in addition to compensatory damages.

## COUNT VI – STATE LAW CLAIM FOR BATTERY
## AGAINST CITY OF ST. PETERSBURG - VICARIOUS LIABILITY

46.     All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

47.     The actions of Officer Goodrow constitute non-consensual touch or strike battery causing personal injury to Mr. Powell in violation of Florida law, which is actionable against

Defendant, City of St. Petersburg, in its employer capacity, pursuant to § 768.28, Fla. Stat. (2015).

48.     Officer Goodrow's actions in kneeing, kicking, and slamming Mr. Powell on a table were not done with malicious intent.  As such, the City of St. Petersburg should be held liable for the actions of its officer through vicarious liability as Officer Goodrow's employer.

49.     Officer Goodrow was acting within the scope of his employment at the St. Petersburg Police Department during the time of the incident.

50.     As a direct and proximate result of the conduct of Defendant, Officer Goodrow, Plaintiff, Mr. Powell, suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of the ability to earn money. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future in violation of Plaintiff's rights.

## COUNT VII – 42 U.S.C. § 1983
## FALSE ARREST CLAIM AGAINST DEFENDANT, OFFICER CARTER

51.     All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

52.     Plaintiff was unlawfully seized by Defendant, Officer Carter, through the intentional confinement of Plaintiff when Defendant placed him under arrest.

53.     The warrantless arrest of Plaintiff without arguable probable cause violated Plaintiff's Fourth Amendment rights.

54.     The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

55.     A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

56.     The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of the ability to earn money, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation. The nature of the count supports a claim for punitive damages in addition to compensatory damages.

## COUNT VIII – STATE LAW CLAIM FALSE ARREST/ FALSE IMPRISONMENT AGAINST OFFICER CARTER

57.     All allegations of paragraphs1 through 25 are re-alleged in full and adopted herein.

58.     At all times relevant herein, Defendant, Officer Carter, acted with the intention of confining the Plaintiff, Joseph Powell, within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

59.     Defendant acted in bad faith and with malicious purpose as the Plaintiff, Joseph J. Powell, had committed no illegal acts.

60.     The Defendant's actions were unreasonable and unwarranted under the circumstances.

61.     As a further direct and proximate result of the acts, omissions, and conduct of the Defendant, Officer Carter, the Plaintiff suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of the ability to earn money.

## COUNT IX – STATE LAW CLAIM FALSE ARREST/ FALSE IMPRISONMENT AGAINST CITY OF ST. PETERSBURG – VICARIOUS LIABILITY

62.     All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

63.     Defendant, Officer Carter's, actions in holding Plaintiff beyond the scope of his consent and against his will, without probable cause, without process or authority of law, constitute wrongful, unlawful false imprisonment which is actionable against Defendant, City of St. Petersburg.

64.     The Defendant, Officer Carter, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

65.     The actions of Defendant, Officer Carter, as described in the Complaint was performed in the course and scope of employment with the St. Petersburg Police department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

66.     As a direct and proximate result of the acts of Defendant, Officer Carter, Plaintiff was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future.  The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

67.     Defendant, Officer Carter's, conduct is actionable against Defendant, City of St. Petersburg, pursuant to § 768.28, Fla. Stat. (2015).

**COUNT X– 42 U.S.C. § 1983**
**EXCESSIVE FORCE CLAIM AGAINST DEFENDANT, OFFICER CARTER**

68.     All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

69.     Officer Carter gratuitously applied excessive force when he kneed and kicked Mr. Powel when he was on the ground and not offering any resistance at that time, thus making his actions unreasonable under the circumstances.

70.     By the actions of Officer Carter, Plaintiff was deprived of his right to be secure in his person against unreasonable and excessive force in violation of the Fourth Amendment of the Constitution of the United States. The nature of the count supports a claim for punitive damages in addition to compensatory damages.

**COUNT XI – STATE LAW CLAIM OF BATTERY**
**AGAINST DEFENDANT, OFFICER CARTER, INDIVIDUALLY**

71.     All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

72.     The actions of Officer Carter constitute non-consensual touch or strike battery causing personal injury to Mr. Powell in violation of Florida law.

73.     As a direct and proximate result of the conduct of Officer Carter, Mr. Powell suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of the ability to earn money. Plaintiff, Mr. Powell's, losses are either permanent or continuing and Plaintiff, Mr. Powell, will suffer the losses in the future in violation of Plaintiff's rights.

74.     Officer Carter's actions of intentionally, recklessly, and offensively kneeing and kicking Mr. Powell when Mr. Powell was on the ground and not offering any resistance was done with malicious intent. As such, Officer Carter should be held liable for damages to Mr.

Powell in his individual capacity. The nature of the count supports a claim for punitive damages in addition to compensatory damages.

### COUNT XII –STATE CLAIM FOR BATTERY
### AGAINST CITY OF ST. PETERSBURG - VICARIOUS LIABILITY

75.     All allegations of paragraphs 1 through 25 are re-alleged in full and adopted herein.

76.     The actions of Officer Carter constitute non-consensual touch or strike battery causing personal injury to Mr. Powell in violation of Florida law, which is actionable against Defendant, City of Powell, in its employer capacity, pursuant to § 768.28, Fla. Stat. (2015).

77.     Officerø Carters actions in kneeing and kicking Mr. Powell when Mr. Powell was on the ground and not offering any resistance were not done with malicious intent.  As such, the City of St. Petersburg should be held liable for the actions of its officer through vicarious liability as Officer Carterøs employer.

78.     Officer Carter was acting within the scope of his employment at the St. Petersburg Police Department during the time of the incident.

79.     As a direct and proximate result of the conduct of Defendant, Officer Carter, Plaintiff, Mr. Powell, suffered from bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and loss of the ability to earn money. Plaintiff, Mr. Powelløs, losses are either permanent or continuing and Plaintiff, Mr. Powell, will suffer the losses in the future in violation of Plaintifføs rights.

### DAMAGES

80.     The Plaintiff incorporates by reference all allegations contained in all paragraphs of this Complaint, as if fully set forth herein.

81.     As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff, Joseph J. Powell's, constitutional rights were violated and Plaintiff, Joseph J. Powell, suffered injuries and damages.  Plaintiff, Joseph J. Powell, seeks recovery from the Defendants  of all damages to which he may be entitled under federal law for the injuries and damages to Plaintiff, Joseph J. Powell, and which include, but are not limited to, the following:

a.     Physical Pain and Suffering of a past, present and future nature;

b.     Emotional Pain and Suffering of a past, present and future nature;

c.     Medical Expenses of a past, present and future nature;

d.     Permanent Impairment of a past, present and future nature;

e.     Loss of Enjoyment of Life of a past, present and future nature;

f.     Loss of Earning Capacity of a past, present and future nature;

g.     Punitive damages for Counts I, III, IV, VI, VII, IX, X, and XII;

h.     Pre- and Post-Judgment Interest;

i.     Statutory and Discretionary Costs;

j.     Attorney's fees where permitted by 42 USC § 1988 or state law;

k.     All such further relief, both general and specific, to which he may be entitled under the premises.

## REQUEST FOR JURY TRIAL

Plaintiff, JOSEPH J. POWELL, requests a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this **14th** day of **February, 2018**.

MICHAEL P. MADDUX, P.A.

*s/ Michael P. Maddux*

Michael P. Maddux, Esquire
Florida Bar Number: 964212
Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail: mmaddux@madduxattorneys.com