UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH J. POWELL,

    Plaintiff,

v.                                                           Case No. 8:18-cv-385-T-AAS

OFFICER DARRELL GOODROW,
Individually; OFFICER MICHAEL W.
CARTER, Individually; and
CITY OF ST. PETERSBURG,

    Defendant.
_____/

## ORDER

Officer Darrell Goodrow, Officer Michael W. Carter, and the City of St. Petersburg (collectively, the defendants) move *in limine* to exclude certain medical evidence at trial. (Doc. 55). Joseph J. Powell moves *in limine* to exclude evidence about John Alam's possession of marijuana. (Doc. 57).

### A. The defendants' motion *in limine*

The defendants seek to exclude Powell's trial exhibits 3 and 4—medical records from "Spinal Corrections Center" and a "Medical Bill Composite." (*See* Docs. 25, 55). The defendants argue that because the only provider listed by Powell is Stephen J. Steller, D.C., a fact witness, he cannot testify about these medical records or the cause of Powell's injuries. (Doc. 55). In response, Powell argues Dr. Stellar is a treating doctor who can provide testimony about these medical records and the cause of Powell's injuries. (Doc. 61).

1

A treating physician may testify as either a lay witness or an expert witness, but to testify as an expert witness, the physician must provide the required disclosures under either Rule 26(a)(2)(B) or Rule 26(a)(2)(C). *See* Fed. R. Civ. P. 26(a)(2)(C) (Advisory Comm. Notes to 2010 Amendment); *Whitehead v. City of Bradenton*, No. 8:13-CV-2845-T-30MAP, 2015 WL 1810727, at *4 (M.D. Fla. Apr. 20, 2015).

"In determining whether a Rule 26(a)(2)(B) report is required, the label of 'treating physician' is irrelevant; instead, the determination turns on the substance of the physician's testimony." *Blakely v. Safeco Ins. Co. of Illinois*, No. 6:13-CV-796-ORL-37, 2014 WL 1118071, at *2-3 (M.D. Fla. Mar. 20, 2014) (internal quotations and citations omitted). "[I]f a treating physician acquired the opinions that are the subject of the testimony directly through treatment of the plaintiff, the treating physician cannot be forced to file a written report required by Rule 26(a)(2)(B)." *Rementer v. United States*, No. 8:14-CV-642-T-17MAP, 2015 WL 5934522, at *5 (M.D. Fla. Oct. 9, 2015) (internal quotations and citations omitted). "Because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient." *Id.* "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury." *Id.* "But, if a health care professional is asked to give any additional opinions, beyond those procured

2

directly from treatment, then for those additional opinions to be admissible, Plaintiff must first provide the full written disclosures required by Rule 26(a)(2)(B)." *Blakely*, 2014 WL 1118071, at *3.

Powell disclosed Dr. Stellar as a fact witness under Rule 26(a)(2). Because Dr. Stellar was not retained or specially employed to provide expert testimony, he does not have to provide the detailed written reports required by Rule 26(a)(2)(B), unless he is asked to give opinions beyond those procured directly from treatment of Powell. Dr. Stellar may testify about the cause of Powell's injuries, his diagnosis, and his prognosis, if his testimony is based on his examination and treatment of Powell.

At this time, the court cannot determine whether Dr. Stellar's anticipated testimony is based on examination and treatment. If Dr. Stellar's testimony at trial is not sufficiently related to the information obtained during Powell's examination and treatment, the defendants may make appropriate objections and motions.

B. **Powell's motion *in limine***

The parties agree to exclude references to Mr. Alam's possession of marijuana unless other trial testimony opens the door. (Doc. 60). If testimony opens the door to this evidence, the defendants may make appropriate objections and motions at sidebar.

It is **ORDERED** that:

1. The defendants' motion *in limine* (Doc. 55) is **DENIED without prejudice**.

3

2. Powell's motion *in limine* (Doc. 57) is **GRANTED** as stated above.

**ENTERED** in Tampa, Florida on November 19, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge